# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN VOLTARELLI,<br><br>         **Plaintiff,**<br><br>v.<br><br>IMMACULATA UNIVERSITY,<br><br>         **Defendant.** | CIVIL ACTION NO. 21-1068 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                              **December 8, 2021**

Defendant Immaculata University has moved to dismiss Plaintiff John Voltarelli's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed herein, Plaintiff's claims will be dismissed without prejudice and he will be granted leave to file an amended complaint.

### I.  BACKGROUND

Plaintiff challenges his dismissal from the University's graduate-level psychology program, which he began attending in 2012 to pursue a doctoral degree.[1] Plaintiff alleges that he was a full-time social worker in addition to being a full-time graduate student during his seven years in the program.[2] The director of the internship program, Sister Acri, allegedly failed to accommodate Plaintiff's requests to change his practicum placement and displayed "personal animus" toward him by giving Plaintiff a failing grade.[3] As a result, in May 2020, Defendant allegedly "dismissed [P]laintiff under the pretextual guise that he had failed to complete his

---

[1] Compl. [Doc. No. 1] ¶¶ 3, 6, 7.

[2] Compl. [Doc. No. 1] ¶¶ 13, 14.

[3] Compl. [Doc. No. 1] ¶¶ 8, 20, 44, 46.

practicum internship, for which he received two 'F's'."[4] Plaintiff alleges that he did not receive "notice or an opportunity to be heard" before he was dismissed from the program.[5] Plaintiff asserts claims for breach of contract, violation of due process rights under Pennsylvania common law, and promissory estoppel.[6]

## II. LEGAL STANDARD

If a plaintiff fails to "state a claim upon which relief can be granted," the plaintiff's claims will be dismissed.[7] The "[f]actual allegations [made by the plaintiff] must be enough to raise a right to relief above the speculative level."[8] This requires the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] In considering whether a plaintiff has met this burden, the Court will accept the information pled in the complaint and any attachments thereto as true.[10] "All relevant evidence and all reasonable inferences that can be drawn from the record are . . . viewed in the light most favorable to the non-moving party."[11]

---

[4] Compl. [Doc. No. 1] ¶¶ 7, 12.

[5] Compl. [Doc. No. 1] ¶¶ 29–36.

[6] Compl. [Doc. No. 1] ¶¶ 10–51.

[7] Fed. R. Civ. P. 12(b)(6).

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994).

[11] *Jordan v. Fox Rothschild, O'Brian, & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994) (citation omitted).

### III. DISCUSSION

#### A. Breach of Contract Claim

Under Pennsylvania law, a plaintiff must allege facts showing that "there was a contract, the defendant breached it, and plaintiff[] suffered damages from the breach."[12] A claim "alleg[ing] breach of the duty of good faith and fair dealing is construed as a breach of contract claim."[13] A contractual relationship exists "between a private educational institution and an enrolled student" which enables "a student [to] bring a cause of action against said institution for breach of contract where the institution ignores or violates portions of the written contract."[14] In a breach of contract claim against a private university, the contract is formed by "the written guidelines, policies, and procedures as contained in the written materials distributed to the student over the course of their enrollment in the institution."[15] Additionally, the student's "allegations must relate to a specific and identifiable promise that the school failed to honor."[16] The student is therefore required to identify "specific undertakings in the [contract] that were not provided."[17]

---

[12] *McShea v. City of Phila.*, 995 A.2d 334, 340 (Pa. 2010).

[13] *David v. Neumann Univ.*, 187 F. Supp. 3d 554, 561 (E.D. Pa. 2016) [hereinafter *David II*] (citing *Engstrom v. John Nuveen & Co.*, 668 F. Supp. 953, 958 (E.D.Pa.1987)). Although Pennsylvania law "imposes on each party a duty of good faith and fair dealing in its performance and . . . enforcement" of a contract, "this obligation of good faith is tied specifically to and is not separate from the [express] duties a contract imposes on the parties." *Id.* at 560–61 (quoting *Kaplan v. Cablevision of PA, Inc.*, 671 A.2d 716, 722 (Pa. Super. Ct. 1996); and then quoting *Murphy v. Duquesne Univ. of the Holy Ghost*, 777 A.2d 418, 434 n.11 (Pa. Super. Ct. 2001).

[14] *Swartley v. Hoffner*, 734 A.2d 915, 919 (Pa. Super. Ct. 1999).

[15] *Id.*

[16] *Vurimindi v. Fuqua Sch. of Bus.*, 435 F. App'x. 129, 133 (3d Cir.2011) (citations omitted); *see also David v. Neumann Univ.*, 177 F. Supp. 3d 920, 925 (E.D. Pa. 2016) [hereinafter *David I*].

[17] *David I*, 177 F. Supp. 3d at 925 (quoting *Miller v. Thomas Jefferson Univ. Hosp.*, 908 F. Supp. 2d 639, 655 (E.D.Pa.2012)).

Although Plaintiff alleges that Defendant violated "rules and protocols promulgated by the University in its handbooks [and] written materials," Plaintiff's Complaint does not identify any specific undertakings that Defendant failed to afford Plaintiff.[18] Plaintiff has not cited any written obligation of Defendant to accommodate working students or to provide a master's degree to a student who earned a certain number of credits.[19] The failure to identify any contractual obligation also dooms the claim for breach of the duty of good faith and fair dealing.[20] Plaintiff's breach of contract claim will therefore be dismissed.

### B. Common Law Due Process Claim

The Complaint also fails to state a viable due process claim. Private universities "need not endow their students with the constitutional due process protections that state universities are obligated to provide."[21] Plaintiff's reply brief asserts that Defendant's Clinical Psychology Graduate Program may be a quasi-public entity.[22] However, Plaintiff's Complaint does not make this allegation, nor does it plead facts that could show that Defendant may be treated as a "private professional organization" as opposed to a private university.[23] The Court will therefore

---

[18] *See Vurimindi*, 435 F. App'x. at 133.

[19] Plaintiff's Complaint also contains no information about specific grading policies. *See generally* Compl. [Doc. No. 1].

[20] *David II,* 187 F. Supp. 3d at 561 ("Without an identified contractual obligation, the Court is unable to look at the University's actions or inactions to determine whether it has in fact adhered to those contractual duties in good faith.").

[21] *Kimberg v. Univ. of Scranton*, 411 F. App'x 473, 481 (3d Cir. 2010) (citing *Psi Upsilon of Phila. v. Univ. of Pa.*, 591 A.2d 755, 758 (Pa. Super. Ct. 1991)). Plaintiff does not dispute that the University is a private institution but argues, without citation to any legal authority, that the receipt of federal funds may impose obligations upon the University to afford due process. Compl. [Doc. No. 1] ¶¶ 19, 26; Pl.'s Mem. Law Resp. Def.'s Mot. Dismiss Compl. [Doc. No. 8] at 12 (indicating that Defendant is "a private school").

[22] Pl.'s Mem. Law Resp. Def.'s Mot. Dismiss Compl. [Doc. No. 8] at 2.

[23] *See Tulp v. Edu. Comm'n Foreign Med. Graduates*, 376 F. Supp. 3d 531, 542 (E.D. Pa. 2019) (citation omitted) ("Beyond the private university context, '[m]any courts have [also] recognized a state or common law duty on the

consider whether Plaintiff has stated a common law due process claim against Defendant as a private university.

When a private university contemplates dismissal on disciplinary grounds, "students . . . are entitled only to those procedural safeguards which the school specifically provides" assuming that those procedures are "fundamentally fair."[24] Despite Plaintiff's assertion in his reply brief that he was dismissed because of "insubordination," the Complaint does not characterize Plaintiff's dismissal as disciplinary.[25] Instead, Plaintiff alleges that he was dismissed for receiving two failing grades for his practicum.[26] Additionally, Plaintiff does not describe any specific "procedural safeguards" that Defendant was obliged to provide him.[27]

The Court notes that "[s]chools have broad discretion to implement and enforce academic rules and regulations."[28] Courts will "not interfere in a school's academic decisionmaking absent an abuse of discretion."[29] To the extent that Plaintiff's Complaint attempts to state a claim that Sister Acri abused her discretion in giving Plaintiff two failing grades for his practicum, this

---

part of "quasi-public" private professional organizations or accreditation associations to employ fair procedures when making decisions affecting their members.'")

[24] *Psi Upsilon of Phila.*, 591 A.2d at 758 (citation omitted); *see also Reardon v. Allegheny College*, 926 A.2d 477, 480–84 (Pa. Super. Ct. 2007) (analyzing whether a private university breached its contractual obligations to a dismissed student based on disciplinary procedures outlined in the university's handbook).

[25] Pl.'s Mem. Law Resp. Def.'s Mot. Dismiss Compl. [Doc. No. 8] at 1; *see generally* Compl. [Doc. No. 1].

[26] Compl. [Doc. No. 1] ¶ 7.

[27] *See Psi Upsilon of Phila.*, 591 A.2d at 758 (citation omitted); *see generally* Compl. [Doc. No. 1].

[28] *Thode v. Ladany*, No. 29 EDA 2014, 2014 WL 10795057, at *4 (Pa. Super. Ct. 2014).

[29] *Id.*

claim must also fail because Plaintiff has not identified any specific contractual obligations Defendant owed him.[30] Accordingly, Plaintiff's due process claim must be dismissed.

### C. Promissory Estoppel Claim

A promissory estoppel claim requires a plaintiff to "allege that (1) the defendants made a promise that they should have reasonably expected to induce action or forbearance on plaintiff's part; (2) the plaintiff actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise."[31] The first criterion is only met if the "plaintiff plead[s] facts to show the existence of an express promise made by defendants."[32] The "plaintiff cannot rely on a broad and vague implied promise."[33]

Plaintiff has failed to plead facts that would satisfy the first element of promissory estoppel. Plaintiff's Complaint alludes to "written promises in the graduate catalog as well as the promises of Sister Acri" in addition to "promises . . . that [Defendant] would work with working students."[34] These allegations are simply too vague to constitute a promise that reasonably could have induced reliance. Plaintiff further alleges that Defendant had a "policy [that] requires that the criteria for passing the course are to be stated in a written syllabus by the course instructor[] and distributed at the beginning of the semester."[35] However, Plaintiff does not plead any facts

---

[30] *See id.* (citing *Gati v. Univ. of Pittsburgh of Com. Sys. of Higher Educ.*, 91 A.3d 723, 732 n.14 (Pa. Super. Ct. 2014)) (indicating that Pennsylvania courts have incorporated a due process analysis when assessing breach of contract claims against private universities).

[31] *David I*, 177 F. Supp. 3d at 926 (citing *Crouse v. Cyclops Indus.*, 745 A.2d 606, 610 (2000)).

[32] *Rapid Circuits, Inc. v. Sun Nat'l Bank*, No. 10–6401, 2011 WL 1666919, at *18 (E.D. Pa. May 3, 2011) (citation omitted).

[33] *Id.* (citation omitted).

[34] Compl. [Doc. No. 1] ¶¶ 43, 48.

[35] Compl. [Doc. No. 1] ¶ 47.

which suggest that such a promise "should have [been] reasonably expected to induce action or forbearance" on Plaintiff's part.[36] Accordingly, Plaintiff's promissory estoppel claim will be dismissed.

## IV.  CONCLUSION

The Court recognizes that students spend a considerable amount of time, effort, and money to pursue graduate degrees. However, the ability of courts to second-guess universities' decisions regarding the dismissal of students from such programs is limited. For the reasons set forth above, Plaintiff's Complaint will be dismissed for failure to state a claim. Plaintiff will be granted leave to amend his complaint. An appropriate order will be entered.

---

[36] *See CKSJB Holdings LLC v. EPAM Sys., Inc.*, 837 Fed. App'x. 901, 905 (3d Cir. 2020). For example, Plaintiff alleges that after Defendant failed to follow its policy regarding publication of "the criteria for passing the course," Sister Acri "penalized plaintiff for having late assignments." Compl. [Doc. No. 1] ¶¶ 47–48. The Court is unable to draw a reasonable inference that such a promise to publish a course's grading criteria would reasonably induce Plaintiff to believe that he could submit late assignments without consequences.